# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CORTNEY R. HAWKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No.: 2:18-cv-00638-ACA |
| | ) |
| **HOLY FAMILY CRISTO REY** | ) |
| **CATHOLIC HIGH SCHOOL,** | ) ORAL ARGUMENT REQUESTED |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

**COMES NOW** Defendant Holy Family Cristo Rey Catholic School ("Holy Family"), by and through counsel, and respectfully files this Motion to Dismiss. Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, Defendant moves this Court for an Order dismissing the Second Amended Complaint as Plaintiff fails to state a claim for which relief can be granted. In support thereof, Defendant states as follows:

Plaintiff, a former teacher at Holy Family, alleges retaliation and discrimination based on her complaints to the school administration and filing of a DHR Report regarding inappropriate student-student and teacher-student interactions at Holy Family. This is Plaintiff's third Complaint, and although she has varied details of the facts alleged and the claims asserted with each subsequent

Complaint, the underlying substance remains the same. Plaintiff simply fails to state a cognizable claim for which relief can be granted. <u>First</u>, the newly alleged Title VI claims fail because Title VI in employment claims requires the receipt of employment-related federal funding, which Plaintiff has not alleged. <u>Second</u>, although eye-catching, Plaintiff's allegations do not address retaliation or discrimination in her employment at Holy Family, and as with her earlier Complaints, she has again failed to state a claim upon which relief can be granted under Title VI, Title VII, or Section 1981. <u>Third</u>, even after three attempts at pleading, the Complaint remains a shotgun pleading warranting dismissal.

## I.  PROCEDURAL HISTORY

1. Plaintiff Cortney Hawkins ("Plaintiff" or "Hawkins") filed her Complaint in the United States District Court for the Northern District of Alabama, Southern Division on April 24, 2018. [Doc. 1]. After Defendants[1] timely filed a Motion to Dismiss for failure to state a claim upon which relief can be granted [Doc. 8], Plaintiff filed an Amended Complaint on July 18, 2018 [Doc. 14].

2. On August 1, 2018, Defendants filed a Motion to Dismiss the Amended Complaint. [Doc. 19]. Rather than filing a Response, Plaintiff sought leave of Court to amend her Complaint again, which was granted. [Docs. 21, 22].

---

[1] The initial Complaint named additional Defendants which the First Amended Complaint appeared to drop as Defendants to this action. The Second Amended Complaint names only Holy Family as a Defendant.

On August 15, 2018, Plaintiff filed a Second Amended Complaint. [Doc. 23]. Each Complaint has varied the facts alleged and the claims asserted, but the underlying allegations remain the same.

3. In her Second Amended Complaint, Plaintiff alleges that she was an employee of Holy Family from July 2016 through March 2018 as a high school teacher. *Id.* at ¶ 8. Plaintiff's Second Amended Complaint references the race and sex of teachers and students. *See, e.g.*, *id.* at ¶¶ 10-13. It does not, however, make any allegations about employment practices at Holy Family. *See generally id.* Likewise, it does not allege that any racially motivated or sex-based comments were directed at Plaintiff. *See generally id.*

4. Instead, Plaintiff alleges that she reported students' concerns to the Holy Family administration and the Department of Human Resources ("DHR") and advised a student to report concerns to his grandparents and school administrators. *Id.* at ¶¶ 10-13. Finally, Plaintiff alleges that she was fired for wearing a hooded jacket and failing to abide by the dress code, but that white male and female teachers wear jackets or coats with hoods. *Id.* at ¶ 14.

5. Plaintiff alleges three causes of action: Count I for retaliation, Count II for race discrimination, and Count III for sex discrimination. Counts I and III are

3

brought under Titles VI and VII but it is unclear under what law(s) Count II is brought.[2]

## II. LAW AND ANALYSIS

### A. Standard of Review

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pleaded facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62 (2007) (retiring the prior "unless

---

[2] Plaintiff alleges that she will amend her Complaint once a formal Notice of Right to Sue is issued. (Compl. ¶ 16). Defendant's arguments, however, are not dependent on the issuance of a Notice of Right to Sue, and any further amendment of the Complaint to reflect the issuance of a Notice of Right to Sue does not affect Defendant's arguments as set out herein.

it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted). The well-pleaded allegations must "nudge[] [the] claim across the line from conceivable to plausible." *Costine v. BAC Home Loans*, 946 F. Supp. 2d 1224, 1229 (N.D. Ala. 2013) (Coogler, J.) (quoting *Twombly*, 550 U.S. at 570).

### B. Any Claim Under Title VI Fails Because Plaintiff has Not Properly Alleged Holy Family is a Federal Funding Recipient.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. In order to state a claim for relief in a Title VI action, a plaintiff must adequately allege that the defendant is a recipient of federal financial assistance. *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 (11th Cir.2003) ("Title VI also precludes liability against those who do not receive federal funding."); *Barnett v. Baldwin Cnty. Bd. of Educ.*, No. CIV.A. 13–0470–KD–M, 2014 WL 5023413, at *14 (S.D.Ala. Oct.8,

2014) (granting motion to dismiss Title VI claim where plaintiff failed to allege that defendant received federal funding).

With respect to employment actions, a Title VI action can only be brought where "a primary objective of the Federal financial assistance is to provide employment." 42 U.S.C. § 2000d–3. Further, a teacher lacks standing to bring a Title VI claim on behalf of a student, so the only basis of Plaintiff's claims can be her employment. *Robertson v. Interactive Coll. of Tech./Interactive Learning Sys., Inc.*, No. 17-11152, 2018 WL 3429949, at *7 (11th Cir. July 16, 2018).

Plaintiff has alleged that Holy Family is a non-profit entity. (Second Am. Compl. ¶ 4). Plaintiff has not alleged that Holy Family receives federal funding. Nor has Plaintiff alleged that the primary objective of the federal funding is to provide employment. Thus, there is no basis for any of Plaintiff's claims under Title VI due to the failure to allege federal funding intended to provide employment, and the Title VI claims are due to be dismissed.

### C. Count I, Retaliation, Fails Because Plaintiff Has Not Engaged in a Statutorily Protected Activity and No Causal Connection is Alleged.

Plaintiff has pleaded retaliation under both Titles VI and VII. A plaintiff pleading retaliation under either Title VI or Title VII must establish that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010);

*McCullough v. Bd. of Regents of the Univ. Sys. of Georgia*, 623 F. App'x 980, 982 (11th Cir. 2015) (applying same elements used for Title VII to Title VI claim). Here, dismissal is appropriate because even if the factual allegations are proven true, Plaintiff cannot demonstrate that she engaged in a statutorily protected activity under Title VII or that a causal connection exists between the allegedly protected activity and the adverse action under Titles VI and VII.

1. <u>Plaintiff's activities are not statutorily protected under Title VII.</u>

Under the Title VII framework, an employee is protected from discrimination if she (1) opposed an employment practice that is unlawful under Title VII (opposition clause), or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII's retaliation provision (participation clause). *See* 42 U.S.C. § 2000e-3(a); *Fletcher v. Supreme Beverage Co.*, No. 2:11-CV-00056-MHH, 2014 WL 5518294, at *15 (N.D. Ala. Oct. 31, 2014).

"Unfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII." *Coutu v. Martin Cty. Bd. of Cty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) (emphasis in original). "Claims related to retaliation on the basis of complaints about unspecified interpersonal conflict are wholly unrelated to Title VII." *Ellison v. City of Birmingham*, 180 F. Supp. 3d 1028, 1034 (N.D. Ala. 2016).

A teacher's complaints about alleged discrimination directed against a student do not constitute opposition to an unlawful *employment* practice under Title VII. *Holt v. Lewis*, 955 F.Supp. 1385, 1387–88 (N.D.Ala.1995) (complaint about university's discrimination against a student did not involve an employment practice and thus any retaliation plaintiff suffered for advocating that student's rights was not prohibited by Title VII), *aff'd*, 109 F.3d 771 (11th Cir.1997). Further, "actions . . . taken in the course of [the plaintiff's] employment duties, not in a personal role . . . [are] not protected activities." *McMullen v. Tuskegee Univ.*, 184 F. Supp. 3d 1316, 1324–25 (M.D. Ala. 2016) (citing numerous cases holding that there is no protected activity where the plaintiff's action resulting in termination was within his or her job responsibilities).[3]

Although Plaintiff does not state which activity described in the Second Amended Complaint is a protected activity, none of the alleged activities are statutorily protected under Title VII. Plaintiff alleges that she reported a female student's concerns about the "discriminative treatment of female students" to the administration, instructed a student to report her concerns to her grandparents and the administration, and that she filed a DHR Report regarding improper

---

[3] Many of the cases addressing protected activity within the scope of job duties apply the "manager rule," wherein a management employee who, in the course of her normal job performance, disagrees with or opposes the actions of the employer does not engage in "protected activity." *Brush v. Sears Holdings Corp.*, 466 F. App'x 781, 786 (11th Cir. 2012). Although in the school context, Plaintiff was not labeled a "manager," the reporting of misconduct or abuse to DHR was within her job responsibilities. *See* Ala. Code § 26-14-3(a) (requiring that teachers in both public and private schools report suspected abuse).

interactions between a student and teacher.[4] (Second Am. Compl. ¶¶ 11-13). Plaintiff's alleged activities, at most, (1) address alleged discrimination against students at Holy Family and in no way relate to Plaintiff's *employment* at Holy Family; and (2) were within Plaintiff's job responsibilities. Even if Plaintiff's allegations of retaliation for her advocacy for students were true, these allegations fail to state a claim for relief because it does not involve an employment practice. *Holt*, 955 F.Supp. at 1387–88. Further, Plaintiff was acting within her job responsibilities as required by Alabama law, and thus her actions cannot be a protected activity. *McMullen*, 184 F. Supp. 3d at 1324–25.

  2. There is no causal connection between Plaintiff's activities and her termination, and Plaintiff's Title VI and Title VII claims therefore fail.

The sole allegation regarding any connection between Plaintiff's allegedly protected activity and termination is simply a recitation of the elements of the claim. There is no basis for a causal connection, and even if Plaintiff relies on temporal proximity, there was over two months between Plaintiff's last report to the administration and her termination which is not "very close" as required by Eleventh Circuit precedent. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (noting that a three month delay is insufficient to show temporal proximity).

---

[4] Although Plaintiff references the termination of an African-American male teacher, she does not allege that she complained of his termination. Instead, she alleges that she complained of the treatment of female students. (Second Am. Compl. ¶10).

9

The allegations in Plaintiff's Second Amended Complaint demonstrate that she has not engaged in a protected activity under Title VII, and even if she had, there was not a causal connection between the activity and her termination. Thus her claim for retaliation under Titles VI and VII fail as a matter of law and are due to be dismissed.

**D. Counts II and III, Race and Sex Discrimination, Fail under Title VII, Section 1981, or Title VI.**

It is unclear under which law Plaintiff is bringing Count II, Race Discrimination, and Count III is brought under Title VI and Section 1981. Regardless of the legal basis asserted, Plaintiff's racial and sex discrimination claims fail because Plaintiff has not alleged facts showing unfavorable treatment due to her race or sex and she has not alleged an adequate comparator. Additionally, the Title VI claim for sex discrimination fails because Title VI does not provide relief for sex discrimination.

1. <u>Plaintiff has not alleged facts showing less favorable treatment because of her race and sex.</u>

Under Title VI, Title VII, and Section 1981, disparate treatment discrimination arises when an employer treats a person "less favorably than others *because of*" a protected trait.[5] *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977,

---

[5] The analysis of a disparate treatment claim is the same whether that claim is brought under Title VII or 42 U.S.C. § 1981. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843 n. 11 (11th Cir. 2000); *Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir.

985–986 (1988) (emphasis added). In proving this claim, Hawkins must establish that Holy Family "had a discriminatory intent or motive" for taking a job-related action. *Id.* at 986. At the motion to dismiss stage, a disparate treatment plaintiff must "provide 'enough factual matter (taken as true) to suggest' intentional race discrimination." *Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008), *abrogated on other grounds by Iqbal*, 556 U.S. 662. At a minimum, Hawkins needed to allege enough facts to "draw the reasonable inference" that Defendant's actions were motivated by racial animus. *See Jacobs v. Biando*, 592 F. App'x 838, 841 (11th Cir. 2014). Further, when comparing similarly situated individuals, "the individuals must be similarly situated in all relevant respects besides race." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1273–74 (11th Cir. 2004). When relying on comparator evidence to infer discrimination, failure to identify a specific non-minority employee who was treated more favorably warrants dismissal at the motion to dismiss stage. *See id.*

Here, the race and sex of students and other teachers is noted in the Introduction and Count II, but there are no factual allegations suggesting that Plaintiff was treated less favorably because of her race or sex. Rather, once Plaintiff's conclusory allegation are disregarded (and Count III solely contains

2010). A Title VI claim also requires that the plaintiff is treated less favorably than others because of his race. *See Rollins v. Bd. of Trustees of Univ. of Alabama*, 885 F. Supp. 2d 1239, 1262 (N.D. Ala. 2012) (explaining that Title VI and Title IX are analyzed under the same framework, "(1) whether Defendants treated similarly situated people disparately and (2) whether [racial] animus motivated Defendants' disparate treatment.").

conclusory allegations), Plaintiff's Second Amended Complaint can only be construed to mean that Holy Family terminated her *because of* her complaints to the school's administration and DHR about student-student and teacher-student interactions—a nondiscriminatory reason.[6]

2. <u>Plaintiff has not alleged an adequate comparator at the motion to dismiss stage.</u>

Further, when comparing similarly situated individuals, "the individuals must be similarly situated in all relevant respects besides race." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1273–74 (11th Cir. 2004). When relying on comparator evidence to infer discrimination, failure to identify a specific non-minority employee who was treated more favorably warrants dismissal at the motion to dismiss stage. *See id.* Plaintiff's "comparator" allegations do nothing to strengthen her case as the only specific comparators alleged are the Principal for unspecified dress code violations and a Father for wearing a hood. Neither is similarly situated in all relevant respects other than race.

3. <u>Title VI does not protect against sex discrimination.</u>

Title VI only protects against discrimination on the basis of "race, color, or national origin." *See* 42 U.S.C. § 2000d; *Davis v. Monroe Cty. Bd. of Educ.*, 120 F.3d 1390, 1396 (11th Cir. 1997), *rev'd on other grounds sub nom. Davis Next*

---

[6] This is made even more apparent by reference to Plaintiff's initial Complaint which alleges that Plaintiff's termination for a dress code violation was pretextual for the real reason for her termination, that she filed a DHR Report. Compl. [Doc. 1] at ¶ 50.

*Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999) ("Title VI did not ban gender discrimination by recipients of federal funding."). Therefore, Plaintiff's sex discrimination claim under Title VI is due to be dismissed.

Even if the allegations in Counts II and III of Plaintiff's Amended Complaint are proven, they do not demonstrate discriminatory intent, do not allow a reasonable inference that Defendant's actions were motivated by racial and gender animus, and cannot serve as the basis of a discriminatory treatment claim as a matter of law. Additionally, as to the sex discrimination claim in under Title VI, there is no basis in the law for such a claim. Counts II and III of Plaintiff's Second Amended Complaint are, therefore, due to be dismissed.

**E. The Second Amended Complaint is a "Shotgun Pleading."**

Impermissible complaints that violate either Rule 8(a)(2) or Rule 10(b) are deemed "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1321–23). Dismissal under Rules 8(a)(2) and 10(b) may be

appropriate regardless of whether the complaint states viable claims for purposes of a Rule 12(b)(6) motion. *Weiland*, 792 F.3d at 1325.

The Second Amended Complaint is unintelligible and therefore difficult to defend against for a number of reasons. First, it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1322 (describing this type of complaint as committing a "mortal sin"); *see* Second Am. Compl. ¶ 23 (re-alleging all allegations in Count I into Count II). <u>Second</u>, the Second Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322 (describing this type of complaint as committing a venial sin). For example, Hawkins makes various allegations regarding interactions between teachers and students and students with other students, but none of these allegations have any bearing on whether *Plaintiff* was discriminated against. Moreover, when the conclusory allegations are not considered (those reciting the elements of a cause of action), in accordance with *Iqbal*, as described above, the remaining alleged facts simply do not state a plausible claim for relief. In particular, Count III solely contains conclusory allegations and no allegations of fact. <u>Third</u>, the Second Amended Complaint "commits the sin of not separating into a different count each cause of action or

claim for relief" *Weiland*, 792 F.3d at 1322. Counts I and III bring claims under both Titles VI and VII while Count II does not even state which law it is brought under.

Not only is Plaintiff's Second Amended Complaint due to be dismissed for failing to state a claim upon which relief can be granted, but its method of pleading is confusing and difficult to defend against. The Second Amended Complaint is a shotgun pleading and should be dismissed.

### III. CONCLUSION

Even if all of the factual allegations in the Second Amended Complaint are proven, Plaintiff has failed to state a claim upon which relief can be granted. All of the Title VI claims fail as a matter of law due to Title VI's limited nature in applying to federal funding recipients. Hawkins has not engaged in protected activity, has not demonstrated a causal connection between the allegedly protected activity and her termination, and cannot raise a reasonable inference of race or gender discrimination.

Finally, Holy Family respectfully requests that Plaintiff be denied further opportunity to amend her Complaint. Plaintiff has filed three Complaints to which Defendant has borne the expense of responding in three separate pleadings. In each Complaint, Plaintiff has chosen to vary the alleged facts and asserted claims, but the basis of her claims remains the same. Plaintiff has been provided ample

15

opportunity to properly plead her case but has failed to cure its deficiencies and any further amended pleadings would only cause further prejudice to Defendant.

For these reasons, Plaintiff's Second Amended Complaint is due to be dismissed with prejudice.

**WHEREFORE, PREMISES CONSIDERED**, respectfully moves this Court to grant its Motion to Dismiss Plaintiff's Second Amended Complaint with prejudice and deny any leave for further amendment to the Complaint.

**Respectfully submitted this the 29th day of August, 2018.**

/s/ Katie T. Powell
Katie T. Powell [ASB-1047-H60T]
katie.powell@butlersnow.com
Margaret H. Loveman [ASB-6775-E60H]
margaret.loveman@butlersnow.com
Carol T. Montgomery [ASB-1095-J18N]
carol.montgomery@butlersnow.com

**OF COUNSEL:**
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 297-2200
Facsimile: (205) 297-2100

*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's CM/ECF system, electronic mail and/or by depositing a copy of the same in the U. S. Mail, first-class postage prepaid and properly addressed as follows:

Ida Tyree Hyche
**TYREE HYCHE & DIXON, LLC**
2025 3rd Avenue North, Suite 200
Birmingham, Alabama 35203
Telephone: (205) 777-5220

                    *Attorney for Plaintiff.*

**Done this the 29th day of August, 2018.**

                                      **/s/ Katie T. Powell**
                                      **OF COUNSEL**

43888444.v1