## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CORTNEY R. HAWKINS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:18-cv-00638-ACA** |
| | } | |
| **HOLY FAMILY CRISTO REY** | } | |
| **CATHOLIC HIGH SCHOOL,** | } | |
| | } | |
| **Defendant.** | } | |

### MEMORANDUM OPINION AND ORDER

In this employment discrimination case, Plaintiff Cortney R. Hawkins alleges that Defendant Holy Family Cristo Rey Catholic High School ("Holy Family") discriminated against her because of her race and gender, and retaliated against her for reporting student complaints to school administrators. Ms. Hawkins asserts claims against Holy Family under Title VII and Title VI for retaliation, race discrimination, and sex discrimination and § 1981 for race discrimination.

This case is before the court on Holy Family's motion to dismiss Ms. Hawkins's second amended complaint (doc. 26), Ms. Hawkins's motion for leave to file a third amended complaint (doc. 34), and Ms. Hawkins's motion for leave to file a sur-reply (doc. 35). For the reasons explained below, and with the benefit of oral argument, the court **GRANTS IN PART** and **DENIES IN PART** Holy

Family's motion to dismiss, **DENIES** Ms. Hawkins's motion for leave to amend, and **GRANTS** Ms. Hawkins's motion for leave to file a sur-reply.

## I. Motion to Dismiss

### A. Standard of Review

Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

When resolving a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)).

## B. Factual Background and Procedural History

Construed in the light most favorable to Ms. Hawkins, the facts alleged in the second amended complaint are as follows. Ms. Hawkins is a 28-year old African-American female. (Doc. 23 at ¶ 7). From July 2016 until March 8, 2018, Ms. Hawkins taught 9th and 10th grade English and 11th and 12th grade African-American History at Holy Family. (*Id.* at ¶ 8). Holy Family Principal Cheryl Kuyk[1] and Holy Family President Father Jon Chalmers supervised Ms. Hawkins while she was employed by the school. (*Id.* at ¶ 9).

Ms. Hawkins reported student complaints regarding inappropriate comments and disparate punishment of female students to her supervisors on three separate occasions. (*Id.* at ¶¶ 10, 11, 13). In September 2017, an African-American female student approached Ms. Hawkins about "inappropriate comments and disparate treatment in disciplining female students versus male students." (Doc. 23 at ¶ 10). Ms. Hawkins reported to Father Chalmers and Ms. Kuyk the student's concerns about the "perception of discriminative treatment of female students." (*Id.* at ¶ 10).

In November 2017, L.W., an African-American female student, and several other female students approached Ms. Hawkins and "reported their discontent with

---

[1] The second amended complaint refers to Holy Family's Principal as both "Kuyk" and "Kyuk." (*Compare* Doc. 23 at ¶¶ 9, 11 *with* Doc. 23 at ¶¶ 10, 13). Because the spelling is immaterial to the court's resolution of the motion to dismiss and for the sake of clarity, the court refers to the Principal as Ms. Kuyk.

their Science teacher, Charles Prib[yl],[2] a Caucasian man, and the inappropriate comments he [made]." (Doc. 23 at ¶ 11). L.W. told Ms. Hawkins that she (L.W.) was uncomfortable around Mr. Pribyl. (*Id.* at ¶ 11). Ms. Hawkins reported L.W.'s concerns to Father Chalmers and Ms. Kuyk, and later, to the State of Alabama Department of Human Resources. (*Id.* at ¶¶ 11, 12).

On January 4, 2018, a male student, K.D.M., told Ms. Hawkins that he too was uncomfortable with Mr. Pribyl. (Doc. 23 at ¶ 13). Ms. Hawkins reported K.D.M.'s concern to Father Chalmers and Ms. Kuyk. (*Id.*).

On March 8, 2018, Holy Family terminated Ms. Hawkins's employment for wearing a hooded jacket in class in violation of the school's dress code for teachers. (*Id.* at ¶ 14). According to Ms. Hawkins, white teachers wore jackets or coats with hoods. (Doc. 23 at ¶14). The white teachers were not reprimanded or fired for dress code violations. (*Id.* at ¶ 24).

Based on these allegations Ms. Hawkins sued Holy Family. Her second amended complaint asserts the following claims: Title VII and Title VI Retaliation (Count I); Race Discrimination (Count II); and Sex Discrimination (Count III). (Doc. 23). Holy Family filed a motion to dismiss Ms. Hawkins's second amended complaint. (Doc. 26). After the parties fully briefed the motion (*see* doc. 29; doc.

---

[2] The first time Mr. Pribyl is mentioned in the second amended complaint, his name is spelled "Pribley." (*See* Doc. 23 at ¶ 11, line 3). Because Ms. Hawkins refers to the teacher as Mr. Pribyl throughout the remainder of the complaint, the court assumes that Pribyl is the proper spelling. Whether the teacher's name is Pribley or Pribyl is immaterial to the court's analysis.

30), Ms. Hawkins filed a motion for leave to file a third amended complaint (doc. 34). On November 28, 2018, the court held a hearing on the motions.[3] After the hearing, Ms. Hawkins filed a motion for leave to file a sur-reply. (Doc. 35). Although briefing on Holy Family's motion to dismiss closed more than two months ago, the court reluctantly **GRANTS** Ms. Hawkins's motion to file a sur-reply.

## C. Discussion

Holy Family moves to dismiss Ms. Hawkins's claims on both procedural and substantive grounds. (*See* Doc. 26; Doc. 30). Procedurally, Holy Family asks the court to dismiss Ms. Hawkins's second amended complaint because it is an improper shotgun pleading. (Doc. 26 at 13-15; Doc. 30 at 3-4). Also procedurally, Holy Family asks the court to dismiss Ms. Hawkins's Title VII retaliation, race discrimination, and sex discrimination claims as abandoned because Ms. Hawkins did not address these claims in her response brief. (Doc. 30 at 2). Substantively, Holy Family argues that Ms. Hawkins's factual allegations do not plausibly state claims for relief. (Doc. 26 at 5-13; Doc. 30 at 4-6). The court addresses each argument in turn.

---

[3] A court reporter was present, and a transcript is available upon request.

### 1.    Shotgun Pleading

The court may dismiss shotgun pleadings that violate either Rule 8(a)(2) or Rule 10(b) of the  Federal Rules of Civil Procedure.  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  Ms. Hawkins's second amended complaint is a shotgun pleading because it "contain[s] multiple counts where each count adopts the allegations of the preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland*, 792 F.3d at 1321; *see* Doc. 23 at ¶¶ 15, 23, 27.  Ms. Hawkins's second amended complaint also is a shotgun pleading because it does "not separate[e] into a different count each cause of action or claim for relief."  *Weiland*, 792 F.3d at 1323; *see* Doc. 23 at 5 ("Retaliation under Title VI & Title VII"); Doc. 23 at 7 (asserting Section 1981 and Title VI sex discrimination claims together in one count).[4]

Despite the shotgun nature of Ms. Hawkins's second amended complaint, the court finds that dismissal on this ground is not appropriate because it is not "virtually impossible to know which allegations of fact are intended to support

---

[4] During the November 28, 2018 hearing, Ms. Hawkins's attorney admitted that her second amended complaint is a shotgun pleading and that the shotgun nature of the complaint may have made it confusing for Holy Family and the court to understand what factual allegations support each of her claims.  In an apparent attempt to clarify the basis for each of her claims, during the hearing, Ms. Hawkins's attorney discussed facts which do not appear in any of the pleadings. Because those allegations are not contained in the second amended complaint, the court does not consider them in ruling on the motion to dismiss.

which claim(s) for relief." *Weiland*, 792 F.3d at 1325 (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996)).

### 2. Abandonment

In its reply brief, Holy Family asserts that Ms. Hawkins has abandoned her Title VII retaliation, race discrimination, and sex discrimination claims, eliminating the need to consider the merits of those claims.

Holy Family has not cited, and the court has not located, Supreme Court or Eleventh Circuit precedent directly on point. And, the court notes that the consequence of adopting Defendant's argument would be to allow the court to do under Rule 12(b)(6) what it cannot do under Rule 56. In the absence of clear guidance from the Supreme Court or the Eleventh Circuit and the Eleventh Circuit's "strong preference that cases be heard on the merits," *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (internal quotation and citation omitted), the court will not dismiss Plaintiff's claims based entirely on her failure to brief her argument.

Accordingly, the court finds that Ms. Hawkins has not abandoned her Title VII retaliation, race discrimination, and sex discrimination claims for failing to address the claims in her response in opposition. Therefore, the court turns to the merits.

### 3.    Merits

#### a.    Title VII Retaliation

To state a claim for Title VII retaliation, a plaintiff must allege that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action.  *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010).  It is undisputed that Ms. Hawkins's termination constitutes an adverse action, but Ms. Hawkins's second amended complaint fails to state a claim for Title VII retaliation because the facts alleged do not plausibly suggest that Ms. Hawkins engaged in statutorily protected activity.

Title VII's anti-retaliation provision protects an employee from discrimination if "(1) '[s]he has opposed any practice made an unlawful employment practice by this subchapter' (the opposition clause) or (2) '[s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter' (the participation clause)."  *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999) (citing 42 U.S.C. § 2000e–3(a)).  Ms. Hawkins does not allege that she was retaliated against for filing a charge or testifying, assisting, or participating in an investigation or proceeding under Title VII.  Nor does it appear that Ms. Hawkins sufficiently claims protected activity under the opposition clause.

To establish statutorily protected conduct under Title VII's opposition clause, a plaintiff must "show[] that [s]he had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997). The second amended complaint does not allege Ms. Hawkins believed Holy Family engaged in unlawful employment practices. Instead, Ms. Hawkins opposed how teachers treated students. (*See* Doc. 23 at ¶¶ 10-11, 13). Ms. Hawkins's complaints to Father Chalmers and Ms. Kuyk about teachers' alleged discriminatory treatment of students "in no way indicts any *employment* practice of [Holy Family]." *Holt v. Lewis*, 955 F. Supp. 1385, 1388 (N.D. Ala. 1995), *aff'd*, 109 F.3d 771 (11th Cir. 1997) (finding that teacher did not engage in protected conduct and dismissing Title VII retaliation claim because teacher's complaint about university's discrimination against a student did not oppose a discriminatory practice proscribed by Title VII) (emphasis in original). Because she did not engage in protected activity, Ms. Hawkins fails to state a claim for Title VII retaliation.

Because the second amended complaint does not allege facts showing that Ms. Hawkins engaged in protected activity under Title VII, the court **DISMISSES WITH PREJUDICE** Ms. Hawkins's Title VII retaliation claim.

### b.    Title VI Retaliation

Title VI provides that, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI's prohibition on racial discrimination includes a prohibition against retaliation for complaining about racial discrimination. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 183-84 (2005) (recognizing a cause of action for retaliation under Title IX); *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1170 n.12 (11th Cir. 2003); (construing Titles VI and IX *in pari materia*); *see also McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 F. App'x 980, 982 (11th Cir. 2015) (recognizing Title VI retaliation claim).

The Eleventh Circuit analyzes Title VI retaliation claims under the same framework as Title VII retaliation claims. *See McCullough*, 623 F. App'x at 982. Therefore, to state a claim for Title VI retaliation, a plaintiff must allege facts showing: "(1) [s]he engaged in statutorily protected expression; (2) the [defendant] took action that would have been materially adverse to a reasonable person; and (3) there was a causal link between the two events." *Id.* The second amended complaint fails to state a claim for Title VI retaliation because Ms. Hawkins has

not alleged that she engaged in protected activity or that there was a causal link between any protected activity and the adverse employment action.

With respect to protected activity, the Fourth Circuit has explained:

> The inquiry is therefore (1) whether [plaintiff] "*subjectively* (that is, in good faith) believed" that the district had engaged in a practice violative of [Title IV], and (2) whether this belief "was *objectively* reasonable in light of the facts," a standard which we will refer to as one of "reasonable belief." *Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307, 1312 (11th Cir. 2002).

*Peters v. Jenney*, 327 F.3d 307, 320-21 (4th Cir. 2003) (footnotes omitted) (emphasis in original). A substantive violation of Title VI occurs when an entity that receives federal financial assistance discriminates on the basis of race, color, or national origin. *See* 42 U.S.C. § 2000d.

Ms. Hawkins's second amended complaint fails to state a Title VI retaliation claim because she has not alleged that Holy Family receives federal funds. (*See generally* Doc. 22). Moreover, even if Ms. Hawkins had alleged that Holy Family receives federal funds, her second amended complaint does not plausibly suggest that she opposed racial, color, or national origin discrimination against students.

In response to Holy Family's motion to dismiss her Title VI retaliation claim, Ms. Hawkins states that she engaged in protected conduct when she reported to Father Chalmers and Ms. Kuyk complaints from a male student, K.D.M., that a teacher asked K.D.M. to kiss his lab partner in front of the class. (Doc. 29 at 4; *see* Doc. 23 at ¶ 13). Ms. Hawkins's second amended complaint

does not identify the race, color, or national origin of K.D.M. (Doc. 23 at ¶ 13). In addition, the second amended complaint contains no facts suggesting that the teacher treated K.D.M. differently than he did other students because of K.D.M's race. Thus, Ms. Hawkins has not sufficiently pleaded that she opposed conduct made unlawful under Title VI.

Other facts in the second amended complaint likewise fail to support a Title VI retaliation claim. Ms. Hawkins alleges that she reported to the administration complaints from African-American female students about "disparate treatment in disciplining female students versus male students" and "the perception of discriminative treatment of female students." (Doc. 23 at ¶ 10). Ms. Hawkins also alleges that she reported to administration complaints from an African-American female student about a teacher's "inappropriate comments" about the student's body shape. (Doc. 23 at ¶ 11). These facts do not state a Title VI retaliation claim because, despite the race of the students voicing the concern, the underlying conduct about which Ms. Hawkins complained was not allegedly discriminatory conduct based on race or national origin.

Because Ms. Hawkins did not engage in protected conduct under Title VI, she cannot state a Title VI retaliation claim, and the court **DISMISSES** the claim **WITH PREJDUICE**.

### c.     Race Discrimination

In Count II of the second amended complaint, Ms. Hawkins alleges that she "has been discriminated against and treated differently than similarly-situated white employees solely because of her race and her advocacy for students" (doc. 23 at ¶ 24), but Ms. Hawkins does not identify the law under which she asserts her race discrimination claim (*see* doc. 23 at 6, ¶¶ 23-26).  Ms. Hawkins's failure to "correctly categorize the legal theory giving rise to the claim" does not warrant dismissal if the second amended complaint "allege[s] facts upon which relief can be granted."  *See Keene v. Prine*, 477 F. App'x. 575, 583 (11th Cir. 2012).  Based on the factual allegations contained in the second amended complaint, the court finds that at the pleading stage, Ms. Hawkins has stated a viable Title VII and § 1981 race discrimination claim.

To state a claim for Title VII or § 1981 race discrimination, a plaintiff must allege facts showing "(1) that [s]he is a member of a protected racial class, (2) that [s]he was qualified for the position, (3) that [s]he experienced an adverse employment action, and (4) that [s]he was replaced by someone outside of his protected class or received less favorable treatment than a similarly situated person outside of h[er] protected class."  *Flowers v. Troup Cty., Ga., School Dist.*, 803

F.3d 1327, 1336 (11th Cir. 2015).[5]  At the pleading stage, the complaint is not required to sustain its evidentiary burden under *McDonnell Douglas*.  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam).  It is sufficient for the plaintiff to "provide enough factual matter (taken as true) to suggest intentional race discrimination."  *Id.* (internal quotation marks and citation omitted).  Ms. Hawkins's second amended complaint just barely meets this standard.

The introduction to the second amended complaint states that Ms. Hawkins seeks relief under Title VII and § 1981.  (Doc. 23 at 1).  The body of Ms. Hawkins's second amended complaint alleges that she was terminated for wearing a hooded jacket in violation of Holy Family's dress code for teachers.  (*Id.* at ¶ 14).  Ms. Hawkins alleges that "[o]ther white . . . teachers wear jackets or coats with hoods, including one of the Fathers who is a teacher."  (*Id.* at ¶ 14).  According to the second amended complaint, Ms. Hawkins "was the only teacher allegedly not in compliance with the teacher dress code to be terminated, while white teachers were not chastised, reprimanded, nor fired in similar mode of dress."  (Doc. 23 at ¶ 24).  Although not detailed, these facts raise an inference that Holy Family terminated Ms. Hawkins because she is African-American.  Therefore, under the

---

[5] Whether viewed through the lens of Title VII or § 1981, the elements of a race discrimination claim are the same.  *Brown v. Am. Honda Motor Co., Inc.*, 939 F.2d 946, 949 (11th Cir. 1991) ("The Supreme Court has held that the test for intentional discrimination in suits under § 1981 is the same as the formulation used in Title VII discriminatory treatment causes.").

Rule 12 standard, Ms. Hawkins has stated a plausible Title VII and § 1981 race discrimination claim.

### d.      Sex Discrimination

During the November 28, 2018 hearing, Ms. Hawkins conceded that she is not asserting a sex discrimination claim.  In her sur-reply, Ms. Hawkins asks the court "to allow her to rescind the hasty concession made during oral argument." (Doc. 35-2 at 5).  Given the Eleventh Circuit's preference that claims be heard on their merits, *see Perez*, 774 F.3d at 1342, the court examines whether the second amended complaint states a claim for sex discrimination.

Count III of the second amended complaint is titled "Sexual Discrimination," but it is less than clear under what legal theory Ms. Hawkins asserts her sex discrimination claim.  (Doc. 23 at 7).  To the extent Ms. Hawkins asserts a sex discrimination claim based on § 1981 or Title VI (*see* Doc. 23 at ¶ 28), the claim fails to state a claim because neither statute prohibits discrimination based on sex.  *See* 42 U.S.C. § 2000d (prohibiting "race, color, or  national origin" discrimination); *Gorman v. Roberts*, 909 F. Supp. 1493, 1498 (M.D. Ala. 1995) ("[S]ection 1981 only applies to racial discrimination, not to discrimination based upon . . .sex.").

In addition, Count III fails to state a claim for sex discrimination under Title VII.  (*See* Doc. 23 at ¶¶ 1, 27).  To state a claim under Title VII, Ms. Hawkins must

allege facts showing that she was a qualified member of a protected class and was subjected to an adverse action in contrast to similarly situated male employees. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). The second amended complaint alleges in a conclusory manner that Ms. Hawkins "has been discriminated against and treated differently than similarly-situated employees solely because of her sex." (Doc. 23 at ¶ 27). The court need not accept this conclusory allegation as true, *see Twombly*, 550 U.S. at 555, and the second amended complaint lacks other facts plausibly suggesting that Holy Family discriminated against Ms. Hawkins because she is a female.

Accordingly, the court **DISMISSES WITH PREJUDICE** Ms. Hawkins's sex discrimination claim.

## II.   Motion to Amend

Two days before the November 28, 2018 hearing, Ms. Hawkins sought leave to amend her complaint. (Doc. 34). Ms. Hawkins filed her motion six weeks after the amended pleading deadline established in the scheduling order. (*See* Doc. 28 at 1) (setting a deadline of October 16, 2018 for plaintiff to amend her pleadings). Therefore, Ms. Hawkins must show "good cause" for the amendment. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see So. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the

deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b).").

In support of her motion for leave to amend, Ms. Hawkins does not address good cause under Rule 16(b). Rather, she focuses on the liberal amendment standard under Federal Rule of Civil Procedure 15(a). (Doc. 34 at 1-2). If Ms. Hawkins had filed her motion for leave to amend before the expiration of the amended pleading deadline, Rule 15(a) would govern the court's analysis. But because Ms. Hawkins filed her motion after the scheduling order deadline, Ms. Hawkins must first demonstrate good cause under Rule 16(b) before the court can consider whether amendment is proper under Rule 15(a). *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Rule 16(b)'s "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotation marks and citation omitted). Setting aside the fact that Ms. Hawkins wholly fails to address Rule 16(b)'s good cause in her motion to amend, the only justification that she provides for amendment is to "provide clarity and address defendants' concerns regarding a 'shotgun' pleading." (Doc. 34 at 1). Ms. Hawkins has been on notice that Holy Family challenged the shotgun nature of her pleadings since at least June 22, 2018 when Holy Family filed its motion to dismiss Ms. Hawkins's original complaint. (Doc. 8 at 16-20).

In its August 29, 2018 motion to dismiss, Holy Family again sought dismissal of Ms. Hawkins's operative complaint as a shotgun pleading. (Doc. 26 at 13-15). Briefing on Holy Family's motion closed on September 19, 2018. (*See* Doc. 29; Doc. 30). Ms. Hawkins had ample notice and time to seek leave to amend her complaint to correct the shotgun deficiencies before the October 18, 2018 pleading deadline, but she did not. Therefore, Ms. Hawkins's proposed justification for the amended complaint falls short of Rule 16(b)'s "good cause" threshold.

Moreover, the factual allegations contained in the proposed third amended complaint appear in the second amended complaint that she filed on August 15, 2018. (*Compare* Doc. 23 at 3-5 *with* Doc. 34-1 at 3-5). In fact, some iteration of the factual allegations contained in the proposed third amended complaint also appear in Ms. Hawkins's original and first amended complaints that she filed on April 24, 2018 and July 18, 2018, respectively. (*Compare* Doc. 1 at 3-9 *and* Doc. 14 at 3 *with* Doc. 34-1 at 3-5). Thus, even if Ms. Hawkins had shown good cause for why she could not correct the shotgun pleading deficiencies in her complaint before the scheduling order deadline, the court still would disallow amendment at this stage because Ms. Hawkins has had in her possession for at least seven months the facts contained in the proposed amended complaint. *See So. Grouts & Mortars, Inc.*, 575 F.3d at 1242 (plaintiff lacked diligence under Rule 16(b)

because it filed a motion to amend with information it had known for over a month).

In sum, Ms. Hawkins has not demonstrated that she could not meet the scheduling order pleading deadline with diligence. Accordingly, the court **DENIES** Ms. Hawkins's motion for leave to amend. (Doc. 34).

## III. Conclusion

For the reasons explained above, the court **GRANTS IN PART** and **DENIES IN PART** Holy Family's motion to dismiss. (Doc. 26). The court **DENIES** Ms. Hawkins's motion for leave to amend. (Doc. 34). The court **GRANTS** Ms. Hawkins's motion for leave to file a sur-reply. (Doc. 35).

The court **DISMISSES WITH PREJUDICE** Ms. Hawkins's Title VII retaliation, Title VI race discrimination, and sex discrimination claims. Ms. Hawkins's Title VII and § 1981 race discrimination claim will proceed.

**DONE** and **ORDERED** this December 4, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE